IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:14cr403-MHT |
| | ) | (WO) |
| JEAN HERBY THELOMAT | ) | |

OPINION AND ORDER

Pursuant to a plea agreement, defendant Jean Herby
Thelomat pled guilty to one count of conspiracy to
distribute and dispense oxycodone in violation of 21
U.S.C. § 846.  He was sentenced to 57 months of
imprisonment.  This criminal case is before the court
on the government's motion to reduce his sentence based
on his substantial assistance in convicting three
co-conspirators and in an ongoing investigation.  For
the reasons stated below, the motion will be granted.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 35(b)(2)(B) provides: "Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved ... information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing." Fed. R. Crim. P. 35(b)(2)(B). It is in the government's discretion to file a motion for substantial assistance, and the court has discretion whether to grant it. United States v. McNeese, 547 F.3d 1307, 1308 (11th Cir. 2008).

## II. BACKGROUND

Thelomat provided the following information to the government within one year of his sentencing. Thelomat worked for EMEDS Medical Management, a purported medical practice. In an administrative role, he

2

conspired with EMEDS owner Erik Raul Torres, EMEDS employee Marc Oliver Adam, EMEDS physician Francisco Huidor-Figueroa, and others, to run a 'pill mill' that prescribed oxycodone to EMEDS patients despite having no legitimate medical reason to do so. Owner Torres created the business to distribute unnecessary pain medication to drug dealers and addicts. Thelomat produced fraudulent MRIs and other paperwork that they could then use to obtain oxycodone prescriptions from Dr. Huidor-Figueroa. Adam helped Thelomat to make the fraudulent MRIs. Huidor-Figueroa, the only doctor working at EMEDS, wrote medically unnecessary prescriptions. Torres and Adam shared with Thelomat the profits from selling the fraudulent MRIs to patients.

The government used Thelomat's information more than a year after his February 2015 sentencing to convict Huidor-Figueroa, who was sentenced in April 2016, as well as against Torres and Adam, who have

3

pleaded guilty and are both scheduled for sentencing in July 2016. The government attests that it is also using Thelomat's information for further investigation into EMEDS, which may lead to further convictions.

At sentencing, Thelomat's criminal-history category was I and his total-offense level was 25, making his Guidelines range 57 to 71 months. This court sentenced him to 57 months.

The government now moves to reduce Thelomat's 57-month sentence by 24 months. However, following further negotiation between the parties, Thelomat argues that a 27-month reduction would be more appropriate and reports that the government does not oppose his position. Accordingly, the court will analyze below whether a 27-month reduction--which would leave Thelomat with a 30-month sentence--is appropriate.

### III. DISCUSSION

Subpart (b)(1) of Federal Rule of Criminal Procedure 35 provides that, "Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." Fed. R. Crim. P. 35(b)(1). This subpart does not apply here because the government's motion was made more than one year after Thelomat was sentenced.

However, as stated, subpart (b)(2)(B) of Rule 35 authorizes a district court, upon the government's motion made one year after sentencing, to reduce a defendant's sentence if, within one year of sentencing, the defendant gave the government information that did not become "useful" until more than one year after the sentencing. Fed. R. Crim. P. 35(b)(2)(B). The requirements of subpart (b)(2)(B) are met here. The government's motion was made more than one year after

5

sentencing; Thelomat's information was provided within one year of sentencing; and, according to the government, the information did not become "fully useful" until more than one year after sentencing. Gov't's Motion for Reduction of Sentence (doc. no. 390) at 1.

To be sure, the government's motion suggests that some or all of Thelomat's information was useful within one year of sentencing as well. The question thus posed is whether the fact that the information was useful within a year but not "fully useful" until after that year still falls within the reach of subpart (b)(2)(B). The answer is yes.

The subpart could be read in two different ways. It could be read to apply only if none of the provided and useful information was useful, or was used, within one year. Or it could be read to apply so long as some of the provided information became useful or was used in some way after one year. This court adopts the

6

latter reading.  As long as the information provided within a year proves useful or is used in some way after that year, Rule 35's subpart (b)(2)(B) allows relief.

This reading of the subpart is the only practical one.  This court's experience with cooperating defendants teaches that their information and cooperation and the benefit that follows are seldom, if ever, separate, point-in-time events.  Instead, the information and cooperation, and the fruits of them, can develop over a period of time, and they are interconnected and cumulative.  Therefore, how and when cooperation and information occur and how and when they play out as useful cannot often be neatly placed on each of two sides of a moment in time--indeed, more often then not they cannot be separated at all. Therefore, to restrict subpart (b)(2)(B) to that circumstance where the information was provided within one year of sentencing and where all that information

was used after one year, and not used in the slightest
way a moment before, would unrealistically restrict the
reach of the subpart; indeed, it would render the
subpart nonfunctioning.

The court believes that the thrust of subpart
(b)(2)(B) is to allow the government to afford relief
to those defendants who provide information within a
year of sentencing but who have no control over when
the government will use the information or deem it
useful. This liberal reading of the subpart also means
that, if the government, for strategic reasons, does
not want to use the information within a year of
sentencing, it is not forced to do so, so as to
preserve the potential sentencing benefit for the
defendant.

Having concluded that subpart (b)(2)(B) applies to
Thelomat, the court now turns to whether, based on the
evidence, argument, and representations of the parties,
a 27-month sentence reduction is appropriate.

8

Thelomat's admissions to the government have been highly beneficial in the prosecutions of three co-conspirators and may lead to additional convictions. In aiding these prosecutions, Thelomat has played an important role in stopping and punishing dangerous drug-distribution activities which likely put lives in danger.

In addition, the government has represented that, had the information Thelomat provided become fully useful before his sentencing, it would have moved for a comparable sentence reduction pursuant to U.S.S.G. § 5K1.1 at sentencing, and has argued that the court should put Thelomat in the same position he would have been but for timing. As it would have granted such a motion at sentencing, the court does not see any reason to refrain from reducing his sentence by 27 months now. See U.S.S.G. § 5K1.1 cmt. n.3 ("Substantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly

9

where the extent and value of the assistance are difficult to ascertain.").

Finally, in light of Thelomat's substantial assistance to the government, the court finds that a 30-month sentence (57 months less 27) is appropriate. This reduced sentence reflects an appropriate balance, on the one hand, of the nature and circumstances of the offense and the history of the defendant, on the other hand, of the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. 18 U.S.C. § 3553(a)(1)-(2)(A). Therefore, the court will exercise its discretion to reduce Thelomat's sentence to 30 months.

* * *

Accordingly, it is ORDERED that the government's motion to reduce defendant Jean Herby Thelomat's sentence (doc. no. 390) is granted and that defendant Thelomat's sentence of imprisonment is reduced from 57

months to 30 months.

     DONE, this the 16th day of May, 2016.

                     /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE